IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

VICTORIA ALDERMAN; and JOHN DOES I-V            PLAINTIFFS

v.            CIVIL ACTION NO. 1:20-cv-00022-GHD-DAS

THE KROGER COMPANY; and JOHN DOES I-V            DEFENDANTS

## OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Presently before this Court is Plaintiff's motion to remand this removed case to state court [4]. Upon due consideration, the Court finds that the motion should be granted.

### A. *Factual and Procedural Background*

On January 21, 2020, the Plaintiff Victoria Alderman filed a complaint in the Circuit Court of Oktibbeha County, Mississippi, against the Defendant Kroger Company [Doc. 2; Oktibbeha Circuit Court Case No. 2020-0041-CV]. In her complaint, Alderman alleges that while she was patronizing the Kroger grocery store in Starkville on July 12, 2019, she fell and was injured while entering the store due to Kroger's failure to maintain a safe entry area [Doc. 2]. The Plaintiff asserts a negligence cause of action against Kroger [Doc. 2]. In the complaint, the Plaintiff does not request a specific amount of damages, but seeks solely compensatory damages and does not seek punitive damages [Doc. 2, at p. 3].

On February 6, 2020, Kroger filed a notice of removal [1], removing the case to this court based on diversity jurisdiction. The Plaintiff has now filed the pending motion to remand the case to state court [4]. As part of her motion, the Plaintiff has submitted a binding affidavit, attesting that she is not seeking damages in excess of $74,999.00 [Doc. No. 4, at p. 3].

### *B.     Standard of Review*

Federal courts are courts of limited jurisdiction. *Epps v. Bexar–Medina–Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Moreover, once a motion to remand has been filed, the removing party bears the burden to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

### *C.     Discussion*

In the case *sub judice*, it is undisputed that the first prong of federal diversity jurisdiction, complete diversity, is satisfied, because the Plaintiff is a Mississippi resident and the Defendant is an Ohio-based corporation. A question has arisen, however, regarding the second prong of federal jurisdiction - whether the amount in controversy exceeds $75,000.00. Although the Plaintiff's Complaint did not request a specific amount in damages be awarded, the Plaintiff has now stipulated by affidavit [Doc. 4] that she is not seeking damages in excess of $75,000.00, the federal diversity jurisdictional minimum.

Courts generally begin the amount-in-controversy analysis by " 'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). "If [the Plaintiff]

2

did demand a specific amount, '[t]he amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith.' " *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883, 888 (5th Cir. 2014).

If the amount in controversy is ambiguous at the time of removal, however, the Court may consider a post-removal stipulation or affidavit, or other summary judgment-type evidence, to determine the amount in controversy. See *Gebbia v. Wal–Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000) ("[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal ... if the basis for jurisdiction is ambiguous at the time of removal."); *ANPAC v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993) (holding that when an affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper); *Lafargue v. Comprehensive Health Management, Inc.*, No. CV 19-11111, 2020 WL 3832663, at *3 (E.D. La. July 8, 2020).

Here, the Plaintiff's complaint does not request a specific amount of damages, and thus the amount in controversy was ambiguous at the time of removal. The Plaintiff has submitted a post-removal affidavit [4], however, that the Court deems binding – affirming that she is not seeking greater than $74,999.00, which the Court considers a judicial admission precluding the Plaintiff from seeking or recovering more than that amount [Doc. 4]. Given the Plaintiff's stipulation regarding damages, the Court finds that it may consider the affidavit in determining the amount in controversy, and hereby finds that amount in controversy in this matter is $75,000.00 or less, and thus the requirements for federal diversity jurisdiction are not present. See *De Aguilar*, 47 F.3d at 1412 (Plaintiffs "who want to prevent removal must file a binding stipulation or affidavit . . .").

The Court therefore finds that it is without jurisdiction to adjudicate this matter, and thus shall remand the case to state court for adjudication.

For all of the foregoing reasons, the Court finds that the amount in controversy present in the Plaintiff's state court claims and complaint does not meet the federal diversity jurisdictional threshold; as a result, federal jurisdiction does not exist in this case and the case must be remanded to state court.

### D. *Conclusion*

In sum, Plaintiff's motion to remand to state court [4] shall be granted because diversity jurisdiction is not present; this case shall therefore be remanded to the Circuit Court of Oktibbeha County, Mississippi.

An order in accordance with this opinion shall issue this day.

THIS, the 17th day of July, 2020.

*[signature]*
_____
SENIOR U.S. DISTRICT JUDGE